CASE 37—PETITION ORDINARY—DECEMBER 4.

# Smith, &c., v. Mattingly.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. WASTE.—Section 2328 of the Kentucky Statutes, which provides that a tenant for life or years who shall commit waste during his term shall be subject to an action of waste in which treble damages may be secured, was intended to authorize an action for voluntary waste, which consists in the commission of some destructive act, and not for permissive waste, consisting merely in omission to keep the land and tenements in proper repair.

Smith, &c., v. Mattingly.

2. SAME.—An ordinary action can not be maintained at all in this State by a reversioner or remainderman against the tenant for permissive waste, exclusive jurisdiction of cases of permissive waste being left to courts of equity.

3. SAME—REPEAL OF STATUTE.—Section 7 of article 3, chapter 56, Revised Statutes, which provided for "an action on the case in the na- of waste" having been omitted both from the General Statutes and from the Kentucky Statutes, must be regarded as repealed.

4. SAME.—In this action by remaindermen against the life-tenant to recover damages for waste, the allegation in the petition that defendant had destroyed and removed from the land a large portion of the fencing that was around it, amounted to an averment of voluntary waste, for which an action may be maintained under the statute, and, therefore, the court erred in sustaining a general demurrer to the petition.

5. SAME.—In case of voluntary waste of a portion of a tract of land in which a tenant may have an estate for life or years, the entire tract is not forfeited, but only the particular thing wasted, whether it be timber, fence rails, a building or other thing appurtenant to the land.

6. TRANSFER TO EQUITY.—As the petition states a cause of action for permissive waste cognizable in equity, plaintiffs were entitled to have the case transferred to the equity docket.

ELI H. BROWN FOR APPELLANTS.

1. Chapter 66, article 3, of the General Statutes, does not change the common law doctrine of waste, and an ordinary action may be brought for waste whether it be voluntary or permissive. (Gen. Stat., c. 66, art. 3, secs. 1, 2, 7, 8; Bouvier's Law Dict., 12th ed., 654; Cooley's Blackstone, Book 2, p. 181; 4 Kent's Comm., 76; Washburn on Real Property. 5th ed., 146; McGregor v. Brown, 10 N. Y., 114-7; Proffit v. Henderson, 29 Mo., 325.)

2. The averment that appellee had removed and destroyed a portion of the fencing around the farm would bring the waste within the narrow limit laid down by the lower court, that the statute authorizes an action for voluntary waste only.

3. In this case the waste having been committed upon the buildings and fencing, which embrace all the lasting improvements, and upon the soil also, the entire estate should be forfeited. (Stat. of Gloucester, 6th Edw. 1st, 35; 2 Blackstone's Com., 283; Rogers v. Williams, 2 Dana, 376; Robinson v. Miller, 2 B. M., 292; Hawkins' Heirs v. King's Heirs, 1 Mon., 163; Marsh v. Current, 6 B. M., 494; Calvert v. Rice, &c., 12 Ky. L. R., 255; Statute of Marlbridge, 52 Hen. 3d., c. 24.)

4. Appellants having a remedy in a court of equity for permissive waste

Smith, &c., v. Mattingly.

they are entitled to have their case transferred to the equity docket. (Civil Code, title 2, secs. 4, 8, 9 and 10.)

W. S. MORRISON OF COUNSEL ON SAME SIDE.

REUBEN A. MILLER FOR APPELLEE.

1. The only waste for which an action may be had under the statute is what is known at the common law as voluntary waste. (Gen. Stat., c. 66, art. 3; Bouvier's Law Dict., 655; Louden v. Warfield, 5 J. J. M., 196; Calvert v. Rice, 12 Ky. L. R., 253-4.)

2. The life tenant is not liable for the ordinary wear and tear of the soil or the buildings thereon and the remaindermen can not, pending the life estate and before the termination of it, anticipate what the condition of the land will be at the death of the life tenent. (Rogers v. Williams, 2 Dana, 376.)

3. The statute evidently does not contemplate the forfeiture of the whole estate for waste committed, but simply provides for the forfeiture and loss of the particular thing which was wasted by the unlawful acts of the particular tenant. (Gen. Statutes, chap. 21, sec. 15.)

4. The averment in appellants petition that appellee had removed and destroyed from the land a large portion of the fencing, is so connected with the averments of permissive waste that it can not be separated from the latter, and is not sufficient to support the charge of voluntary waste.

G. D. CHAMBERS OF COUNSEL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Walter Smith and others, owning in right of their mother the remainder in fee of a tract of land, brought this action against George D. Mattingly, purchaser under execution and owner of the life estate of their father, to recover damages, and also the land, for alleged waste.

Plaintiffs state substantially in their petition as cause of action that in 1887, when defendant acquired title to the life estate and possession of said land, it was enclosed by a substantial fence, dwelling-house and other buildings thereon were in good repair, and the soil in a good state for cultivation, but that he

has since "willfully and wantonly committed and permitted" said dwelling-house to become untenantable, other buildings to become dilapidated and useless, and a large portion of the farm to be thrown open and trampled upon by cattle, and to grow up in shrubs and briars. It is further stated that he has *destroyed and removed from said land a large portion of the fencing that was around it.*

The amount of damage done, as alleged, is fifteen hundred dollars, treble the amount of which they seek to recover under provisions of article 3, chapter 66, General Statutes, which is the same as article 5, chapter 75, of Kentucky Statutes. The sections necessary to quote are as follows :

"§ 1. If any tenant for life or years shall commit waste during his estate or term of any thing belonging to the tenement so held, without special license, in writing, so to do, he shall be subject to an action of waste, shall lose the thing wasted and pay treble the amount at which the waste shall be assessed.

"§ 2. The action may be maintained by one who has the remainder or reversion in fee simple after an intervening estate for life or years, and also by one who has a remainder or reversion for life or years only, and each of them shall recover such damages as it shall appear that he has suffered by the waste complained of.

"§ 3. If, in any action for waste, the jury find that the waste was wantonly committed, judgment shall be entered for three times the amount of the damages assessed."

There is an obvious and well recognized distinction between voluntary waste, which consists in the com-

mission of some destructive act; and permissive waste, consisting in omission by a tenant for life or years, to keep the land and tenements in proper repair. And that the statute quoted was intended to authorize an action for *voluntary* waste only, not for *permissive* waste, is made, by the language used, too clear for discussion.

The question then arises whether an action ordinary in the nature of trespass on the case can be maintained at all in this State by a reversioner or remainderman against the tenant for permissive waste. That question has never been presented to or decided by this court; indeed, although the statute we are now considering has been in existence substantially since 1798, though modified in the manner to be hereafter noticed, the action thereby authorized has been seldom instituted. The reason therefor is thus stated in section 917, Story's Equity : "From this very brief view of some of the more important cases of equitable interference in cases of waste, the inadequacy of the remedy at common law, as well to prevent waste as to give redress for waste already committed, is so unquestionable that there is no wonder that the resort to the courts of law has in a great measure fallen into disuse. The action of waste is of rare occurrence in modern times, an action on the case for waste being generally substituted in its place whenever any remedy is sought at law. The remedy by bill in equity is so much more easy, expeditious and complete that it is almost invariably resorted to. By such a bill not only may future waste be prevented, but as we have already seen, an account may be de-

creed and compensation given for past waste. *Besides an action on the case will not lie at law for permissive waste.*"

In the case of Loudon v. Warfield, 5 J. J. M., 197, decided by this court as early as 1830, this language was used:

"Indeed the proceeding by bill in chancery seems, according to the modern practice, not only to have superseded the writ of estrepement, but to supply to a certain extent the place of the action of waste; for it is said that when a bill is filed for an injunction to stay waste and waste has already been committed, the court to prevent multiplicity of suits will not oblige the party to bring an action at law, but will decree an account and satisfaction for what is past.".

The statement in Story's Equity that an action on the case will not lie at law for permissive waste, although supported by respectable authority, it is proper to say, is not generally concurred in by other text writers. But we need not inquire what was the ancient rule of practice in that respect, because examination of the history of legislation on the subject of waste in this State has satisfied us that action on the case for permissive waste, if it ever was a proper action therefor, was intended to be and has been abolished by statute.

"An act concerning waste," passed in 1798, the same already referred to, contains this section: "The process in action of waste shall be by summons, attachment and distress; and if the defendant appears not upon the distress, the waste shall, nevertheless, be inquired of by a verdict of the jury, and the court pro-

ceed to judgment according to the directions of this act." The intention was thereby to still adhere to the old common law procedure. But that section was not retained in the Revised Statutes adopted in 1852; but instead was adopted section 7 as follows: "Any person who is entitled to such action of waste may, instead thereof, bring an action on the case in the nature of waste, in which he shall recover such damages as it shall appear that he has suffered by the waste complained of."

The action thereby provided for was in addition to the remedy described in section 1 of article 3, chapter 56, Revised Statutes, authorizing recovery of treble damages for voluntary waste, being the same as now authorized by Kentucky Statutes, as had been also done by the General Statutes. And if that section of the Revised Statutes had been retained in the General Statutes, or was a part of the Kentucky Statutes, it would be a practical question whether an action on the case would lie for permissive waste. But it has been omitted from both, which is tantamount to a repeal of it. And we must, therefore, conclude that the Legislature becoming convinced, as had the courts, that the remedy by equitable proceeding is more easy, expeditious and complete than by an action ordinary, intended to restrict the right to sue at law to the action for voluntary waste, provided for in section 1, quoted, whereby in case the jury finds the waste was wantonly committed, treble damages may be assessed, leaving exclusive jurisdiction of cases of permissive waste to courts of equity.

It seems to us the lower court erred in sustaining

a general demurrer to plaintiffs' petition, because it is therein distinctly stated defendant had destroyed and removed from said land a large portion of the fencing that was around it, which amounted to an averment of voluntary waste, for which an action may be maintained under the statute. It is, however, not true, as argued by counsel, that in case of voluntary waste of a portion, the entire tract of land in which a tenant may have an estate for life or years is forfeited; for the statute provides that the particular thing wasted only shall be forfeited, whether it be timber, fence rails, a building, or other thing appurtenant to the land. It is perhaps proper to further say that as there is a cause of action for permissive waste stated cognizable in equity, plaintiffs were entitled to have the case transferred to the equity docket.

For the error indicated the judgment is reversed, and cause remanded for overruling the demurrer, and other proceedings consistent with this opinion.