## McCoy v. Ferguson, Jr., et al.

(Decided April 15, 1915.)

### Appeal from Pike Circuit Court.

1.  Deeds—Construction of—Life Estate—Vested Remainder.—A deed by "F" to his son John, in the granting clause, conveyed the land to John "for his life time, and at his death, then to descend to the legal heirs of his body." In the closing paragraph the provision was that "this conveyance is to John his life time and at his death to his children." Held, that under this deed John took a life estate and his children then living, as well as those thereafter born, took a vested interest in remainder.

2.  Waste—By Life Tenant—Injunction to Prevent—Coal and Timber.—A life tenant of land who uses the minerals and timber on it for commercial purposes, commits waste and may be enjoined from so using them by the remainderman.

J. S CLINE for appellant.

STATON & PINSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

In June, 1879, the following deed was made by James Ferguson and wife to John M. Ferguson: "This deed of conveyance made and entered into this 9th day of June, 1879, between James Ferguson and Rachel Ferguson, party of the first part, and John M. Ferguson,

our son, lifetime, and at his death then to descend to the legal heirs of his body, party of the second party: Witnesseth: The said party of the first party for and in consideration of the sum of the love and affection that we have for our son, and the further consideration that the said John M. Ferguson maintain me and my wife; that is, James Ferguson and Rachel Ferguson during our life, he is to *find* the said James Ferguson and Rachel Ferguson with all the necessaries of life as long as they shall live, * * * do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to-wit: * * * To have and to hold the same, together with all the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever, and the said party of the first part hereby covenants with the said party of the second part that they will warrant the title to the property hereby conveyed unto the said party of the second part, and his heirs and assigns forever.

"A lien is retained upon the property hereby conveyed as security for the performance maintenance of the said James Ferguson and Rachel Ferguson as aforesaid, and this conveyance is to John M. Ferguson his lifetime, and his death then to his children, and said John M. Ferguson is not sell said land, and if he should get in debt or is in debt so that it will or would subject said land to sale, then the said land is to go to his children at the time of the liability."

John M. Ferguson, the vendee in this deed, is yet living, but the vendors are dead. John M. Ferguson had four children, namely, W. A., Vernon, Bell and Phoebe Ferguson. One of these children, Vernon Ferguson, died in 1907, leaving surviving him his widow and one child, the appellee, Vernon Ferguson, who is an infant of tender years.

It appears that in 1888 John M. Ferguson and his three adult children, excluding his other child, Vernon, who was then an infant, conveyed a portion of the land described in this deed to the appellant, McCoy, and it is in this land that the appellees claim the one-fourth interest and the rights arising thereunder. We do not find in the record the deed to McCoy, but it is admitted that such a deed was made. This suit by the appellee against the appellant, McCoy, was brought upon the theory that John M. Ferguson took a life estate in the

land, with remainder to his four children, and that when Vernon Ferguson, the son of John M. Ferguson, died intestate, his one-fourth interest, which had not been conveyed to McCoy, descended to his son, the appellee. It also appears that in 1898 John M. Ferguson and his four children, including his son, Vernon, brought a suit for a division of the land conveyed to John M. Ferguson by James Ferguson, and it also appears that in this suit John M. Ferguson relinquished to his children his life estate in the land. McCoy, however, was not a party to this suit, and, of course, is not bound by any orders or judgments therein made.

There is some uncertainty in the record now before us as to whether the land conveyed to McCoy was included in and partitioned in this suit. Counsel for McCoy say it was, while counsel for appellees say it was not; and it is not entirely clear from the judgment appealed from what the views of the court were upon this particular question. But, inasmuch as the case must go back for rehearing and disposition on a number of issues in the case, we think it better to leave the question whether the land conveyed to McCoy was included in and partitioned in this suit open, so that it may be determined by the lower court when the other undisposed issues are decided. We do this in order to avoid any injustice to either party.

A number of issues were raised as well as a number of defenses set up in an answer, which was also made a counter-claim and cross-petition against John M., W. A., Bell and Phoebe Ferguson, but we do not think it necessary to notice, except in a general way, several of the issues or defenses presented by the answer, because it appears from the judgment appealed from that only three questions were definitely decided.

The lower court adjudged that the deed from James to John M. Ferguson conveyed only a life estate to John, with a contingent remainder to his children. It was further adjudged that John M. Ferguson conveyed only his life estate in the land sold to McCoy, and the question as to the validity of the deeds made by his children to McCoy was reserved for future adjudication.

It was further decided that John M. Ferguson waived his life estate in the land partitioned among his children in the suit brought in 1898. It was also adjudged that the land deeded to McCoy was not partitioned, but

further said that the questions presented as to the effect and validity of the partition suit were reversed for future adjudication.

The court, after declaring that many of the questions submitted were premature, adjudged "that the defendant, Sam McCoy, be and is hereby enjoined and restrained from removing coal and timber from the lands described in the plaintiff's petition and in the deed from John M. Ferguson, et al., to McCoy, except for domestic purposes only, or from committing any waste whatever upon said lands."

It will thus be seen that the court decided only three questions: First, that the deed from James to John M. Ferguson conveyed to John a life estate and to his children a contingent remainder; second, that McCoy was enjoined from removing any coal or timber from the land purchased by him except for domestic purposes; and, third, that John M. Ferguson relinquished to his children his life estate in the land that was partitioned in the suit brought for that purpose.

The issues raised as to the validity of the deed made by the three children of John M. Ferguson to McCoy, the validity and effect of the partition suit, the amount, if anything, that the appellee was entitled to recover for coal and timber taken from the land by McCoy, as well as the quantity of land he was entitled to recover, were expressly reserved in the judgment for future adjudication. And we also think the question whether the land conveyed to McCoy was divided in this partition suit should also be treated as having been left open for future adjudication.

So that the only questions properly before us for decision are the ones that were expressly decided by the lower court in the judgment appealed from.

It will be observed that the granting clause in the deed is to John M. Ferguson for his life and at his death to the "legal heirs of his body," and that in the closing paragraph it is recited that "this conveyance is to John M. Ferguson (for) his lifetime and (at) his death to his children," with the further provision that if any creditor of John M. Ferguson should attempt to subject the land, "then the said land is to go to his children."

We think a reading of the whole deed makes it clear that the grantor intended to and did give to John M. Ferguson an estate for life, with remainder to his chil-

dren, and when the estate is to one for life, with remainder to his children, his children in being at the time the conveyance is made, as well as those born thereafter, take the remainder in fee. Hall v. Wright, 121 Ky., 16; Hall v. Wright, 138 Ky., 71; May v. Justice, 148 Ky., 696; Virginia Iron, Coal & Coke Co. v. Dye, 146 Ky., 519; Lawson v. Todd, 129 Ky., 132; Williamson v. Williamson, 18 B. Mon., 329; Tanner v. Ellis, 127 S. W., 995; Jones v. Thomasson, 159 Ky., 196.

We, therefore, think the children of John M. Ferguson born at the time the deed to him was made, or thereafter born to him, took a vested estate in remainder and not a contingent estate, as held by the lower court.

If John M. Ferguson and three of his children, excluding his son Vernon, the father of appellee, conveyed to McCoy a part of the land described in the deed of James Ferguson, and the remainder of this land, excluding that conveyed to McCoy, was partitioned among the four children of John M. Ferguson, the appellee, Vernon Ferguson, has yet an undivided one-fourth interest in the land conveyed to McCoy, and although McCoy may own the life interest of John M. Ferguson in this land, this did not authorize him to strip the land of the coal and timber, to the prejudice of the remainderman, and we think the lower court properly adjudged that McCoy could take from this land only such coal and timber as might be needed for domestic purposes. Kentucky River Coal Co. v. Frazier, 161 Ky., 374.

This seems to dispose of the only questions before us. It will be observed that we disagree with the lower court as to the construction of the deed made to John M. Ferguson, but our construction is more favorable to the appellee than was the construction of the lower court, and upon this point the judgment of the lower court will be modified to conform to this opinion.

Wherefore, the judgment is affirmed.