## Collins, et al. v. Security Trust Company, Administrator.

(Decided December 5, 1924.)

### Appeal from Woodford Circuit Court.

1. Waste—Statutes Relate Only to Voluntary Waste.—Statutes on subject of waste relate only to voluntary waste.

2. Courts—Equity has Exclusive Jurisdiction of Permissive Waste.— In enacting statutes on waste, exclusive jurisdiction on subject of permissive waste was conferred on courts of equity.

3. Waste—Action for Damages for Permissive Waste Maintainable Only in Equity by Remainderman Against Estate of Life Tenant, at Expiration of Tenancy.—Action for damages for permissive waste can be maintained only in equity by remainderman against estate of original life tenant, at expiration of tenancy.

4. Waste—Petition Seeking Damages for Waste from Personal Representative of Tenant Per Autre Vie Not Demurrable.—Since action for damages for permissive waste accrues to vested remaindermen against personal representative of tenant per autre vie, and before expiration of life estate, it was error to sustain demurrer on ground suit was premature to petition against per-

sonal representative of tenant per autre vie, seeking damages for permissive waste or in alternative that land and improvements be restored.

5. Waste—Heirs and Devisees of Life Tenant Per Autre Vie Not Necessary Parties to Suit for Waste Against Personal Representative.—In suit for damages for permissive waste against personal representative of tenant per autre vie, tenant's heirs and devisees of the tenant per autre vie were not necessary parties.

H. A. SCHOBERTH, HENRY JACKSON and M. E. MINOR for appellants.

T. L. EDELEN and FIELD McLEOD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Michael Collins, who died in 1892, devised the land here involved to his widow, Mary Collins, for life with remainder to his named children. In 1894, the life estate was conveyed to J. A. Steele, who died in 1921, and the appellee trust company was appointed and qualified as his administrator with the will annexed. By this action in equity the remaindermen, alleging permissive waste by Steele throughout the 27 years of his occupancy, and that Mrs. Collins is still living with a life expectancy of six and one-half years, seek to recover of his administrator damages for the waste permitted in the sum of $6,400.00, or if that relief be denied, that the land and improvements wasted be restored under direction of the administrator or the court, and that the administrator be required to withhold from distribution a sum sufficient for the purpose. In addition, they pray for "all proper orders, decrees, and relief to which plaintiffs may be entitled." A demurrer having been sustained to the petition, it was dismissed upon the refusal of the remaindermen to amend, and they have appealed.

It is thoroughly established that our statutes on the subject of waste relate only to voluntary waste, and that in enacting them the legislature conferred upon courts of equity exclusive jurisdiction of all cases involving permissive waste. Smith v. Mattingly, 96 Ky. 228, 28 S. W. 503, 16 K. L. R. 418; Prescott v. Grimes, 143 Ky. 191, 136 S. W. 306, 33 L. R. A. (N. S.) 669; Fisher's Executor v. Haney, et al., 180 Ky. 257, 202 S. W. 495.

In the last two cases, it was held that upon the death of the life tenant a cause of action survived against his

personal representative for all damages caused by his permissive waste during the entire life tenancy, and that the statutes of limitation against such an action did not begin to run until the death of the life tenant. No other relief was sought in either case, and as both were in equity and by the remaindermen, it cannot be doubted that in this jurisdiction an action purely for damages for permissive waste can be maintained in equity, and there only, by the remaindermen against the estate of the original life tenant, at the expiration of his tenancy. Thus far counsel do not disagree, but it is insisted for appellee, and upon authority of these same two cases, that such an action is not maintainable during the existence of the life tenancy, and it was upon this view that the court sustained the demurrer to the petition.

These cases, however, do not sustain that view, and Smith v. Mattingly, *supra,* where only our question was involved, completely refutes it. In that case, just as here, the action was by vested remaindermen against the personal representative of a tenant *per autre vie* for damages for waste permitted by such tenant, and during the lifetime of the person upon whose life the tenancy depended. There, as here, the lower court sustained a demurrer to the petition and the remaindermen appealed. The only differences are, that there the action was at common law and sought damages for both voluntary and permissive waste, and the petition neither stated any grounds for nor sought any relief of an equitable nature. After holding that the petition stated a common law action for damages for voluntary waste under the statutes, the court held that it also stated a cause of action for permissive waste cognizable in equity, and that plaintiffs were entitled to have that cause transferred to equity.

As the petition in that case which we have just examined seeks only damages for the permissive waste alleged, it is clear that that opinion is authority for the maintenance of this one by the remaindermen against the personal representative of a tenant *per autre vie,* and before the expiration of the life estate, even if this action had sought damages only.

Both of the other two cases, *supra,* cite and follow the Mattingly opinion upon the question of jurisdiction, and they differ from it only in that they hold that a cause of action for damages for permissive waste against the

administrator of the original life tenant does not finally accrue until his death.

In other words, the Mattingly case in effect holds that a cause of action for damages for permissive waste against a tenant *per autre vie* accrues to the remaindermen at his death, and the other two cases that such a cause of action against the original life tenant does not finally accrue until his death.

The sum of these opinions then clearly is, that a cause of action for damages for permissive waste does accrue to vested remaindermen against a life tenant responsible therefor upon his death, whether he be a tenant *per autre vie* or the tenant upon whose life the tenancy depends, and there is no conflict whatever in these opinions.

Clearly then the petition herein states a cause of action, and the court erred in sustaining the demurrer thereto, even if only damages had been sought.

In this case, however, the petitioners not only seek damages, but pray, in the alternative, for restoration by appropriate equitable decrees, and to which under all of the authorities they were entitled if the allegations of their petition be true, at any time during the existence of the life tenancy against any occupant responsible therefor.

Hence the action might have been maintained against Steele during his lifetime for such relief, purely equitable in its nature, and as such an action survives the petition at least stated a cause of action for the equitable relief sought.

As for permissive waste, the remaindermen cannot proceed at common law but must apply to equity for whatever relief under the circumstances is appropriate. It necessarily results that in this jurisdiction and because of our statutes, the relief for permissive waste, whether formerly obtainable at common law or in equity, must be applied for and will be granted in equity only.

This does not mean, of course, as was the case formerly and as is yet true in most jurisdictions, that the jurisdiction of a court of equity in such matters is dependent upon the existence of a cause for injunctive or other relief of an equitable nature, but that courts of equity in this jurisdiction and because of our statutes have exclusive jurisdiction to grant the appropriate re-

lief, whatever its nature, in every case of permissive waste.

The only question about which there can be any doubt is whether a cause of action solely for damages for permissive waste accrues and is maintainable against a life tenant while alive and in possession, whether for his own or the life of another, and that question we need not consider now, since it is not here, because it is clear that whether or not this may be done during the lifetime of the life tenant, it can be done, under the above cases, upon the death of the life tenant, whether he be a tenant for his own life or for the life of another.

The question is also raised as to whether or not Steele's heirs and devisees are necessary parties. They are not. The action, as we have seen, survives against the personal representative of the life tenant responsible for the waste, and section 3861 of the statutes provides that:

"Estates held by a deceased person for life of another shall go to the personal representative of the deceased, and be assets in his hands, and be applied and distributed as the personal estate."

Wherefore the judgment is reversed, with directions to overrule the demurrer, and for proceedings consistent herewith. The whole court sitting.