## Smith et al. v. Harris et al.

Jan. 27, 1939.

WALTER N. FLIPPIN for appellants.

E. T. WESLEY & SON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

Green Raney died a citizen and resident of Pulaski County, Kentucky, the date not being shown by the record, or if so we have been unable to find it. On August 2, 1912, he executed his will—which appears to have been carefully prepared—and after his death it was probated in the county court of his county. He attached to his will, as a part of it, a plat, wherein he divided his devised land into lots or parcels and gave to some of his children certain designated ones on the plat but with a reserved life estate in the whole tract to his widow. Item V of his will says: "I will, give and bequeath to my daughter, Parlee Burdine, during her natural life, Lot No. 5, and at her death then to the heirs of her body begotten, but in no case is she to sell or dispose of the life estate herein given her, nor is she to sell, dispose of, or use the timber standing upon said land except to improve the land herein mentioned in this Item. The land herein mentioned is designated as Lot No. 5 of the Plat."

Appellant and plaintiffs below are two of the children of testator's daughter, Purlee Burdine, the latter being the daughter of the testator mentioned in Item V of his will, and to whom he devised a life estate in that lot shown on the plat made a part of his will. She and her husband seem to have taken possession of it, but just when that was done is not disclosed, nor have we been able to find from the record whether or not the testator's widow, Sallie Raney, is still living. Plaintiffs, as remaindermen, filed this equity action in the Pulaski circuit court against their mother and her husband, and against some of their brothers and sisters (the latter of whom appear to have been unwilling to join in the action), and in their petition they averred their title in remainder, setting forth Item V of testator's will, and that their mother and father had given a lease to Frank Harris and Jess Perkins to mine coal from the land embraced in Item V of testator's will, and that the lessees were engaged in taking coal therefrom, thereby committing permanent waste thereon. The lessees were also made defendants in the action, and plaintiffs prayed for an order of injunction restraining further operation of

the lease and preventing the commission of waste thereunder. They also asked for judgment for $3u0 as damages alleged to have accrued at the time of the filing of the action, and by a later amendment that amount was increased to $600.

Defendants demurred to the petition, upon which the court deferred action, and without waiving it answers were filed containing two defenses as sustaining the right of the life tenant to take coal from the land, which are: (a) That it was the necessarily implied intention of testator that it should be done, since the devised land was practically worthless except for that purpose, and (b) that testator, before his death, had opened the mine complained of in the petition and that the lease complained of only gave the right to the lessees therein to continue to operate an already opened mine by the testator. Demurrers and other motions were filed and later a reply was filed, part of which denied the two interposed defenses. Finally the cause, as so made up by the pleadings referred to, was submitted to the court and he sustained the demurrer to certain parts and paragraphs of the pleadings following the petition as amended, and also carried it back to the petition (although the original one filed to it had not been acted on) and sustained it thereto—to which plaintiffs excepted and declined to plead further; whereupon their petition was dismissed, to reverse which they prosecute this appeal.

Counsel for appellees practically base their entire argument in support of the judgment upon the right to maintain the defenses contained in the answers filed by defendants, thereby devoting but little, if any, attention to the determinative fact in the case, which is the sufficiency of the petition as amended. In adopting that course counsel appear to be impressed with the view that in considering the test of the sufficiency of a petition (which test a demurrer creates) subsequent pleadings may be consulted by the court, and that it is permissible to consult such subsequently filed pleadings in arriving at the proper determination of the question raised by the demurrer to the pleading (petition) to which it is filed.

But we are constrained to hold that counsel is in error in that respect and that the correct practice is, that a court in considering a demurrer to a pleading is

confined to a consideration of it, or possibly pleadings preceding it, but in no event may a subsequent pleading be consulted. That rule is a necessary consequence or logical deduction of proper practice, since the only office of a demurrer is to test the sufficiency of the pleading to which it is filed in the light of the record of the case as made up to the time of the attack made on the alleged defective pleading. The rule requires that it may not be added to or taken from by any later responsive pleadings filed by the attacking litigant. We would, therefore, be compelled to so hold if the question was one of first impression; but the practice as so stated is firmly settled by this court in numerous opinions, as well as text writers, on the subject of pleading, and to such an extent as that we deem it unnecessary to encumber the opinion with a list of such authorities. Therefore, the court in this case in passing upon the demurrer to the petition which he finally sustained, was authorized to look only to its allegations, and if they were sufficient to constitute a cause of action in favor of plaintiffs, it was error to sustain the demurrer filed to that pleading.

Section 2328 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes makes a life tenant liable for waste committed by him and subjects the life tenancy to forfeiture. The next section (2329) vests the right of action given by the preceding section (2328) in the remainderman or reversioner and which right we have heretofore upheld in numerous cases, some of the latest of which are Adams v. Bates, 191 Ky. 710, 231 S. W. 238; Collins v. Security Trust Company, 206 Ky. 30, 266 S. W. 910; Burns v. Dillon, 226 Ky. 82, 9 S. W. (2d) 1095, and others referred to in those opinions. So that plaintiffs have an undoubted right to maintain this action if the depredations complained of were such as to amount to unauthorized waste to their remainder estate. No case is cited in opposition of their right to do so if what they allege in their petition is true and which the demurrer thereto admitted.

It is neither denied, nor otherwise contended in briefs, but that the law withholds from the life tenant the right to open and operate mines upon the life estate, resulting in a destruction of its corpus to the extent of mineral taken and appropriated therefrom; and the same is true with reference to the taking and appropriating of timber therefrom, except to the extent of neces-

sary upkeep of the property, and which exception might possibly apply to the use of coal or other minerals for household purposes. But the complaint made in the instant petition is not confined to any such uses, but is directed to commercial use of the coal which the law most positively forbids except to the extent where the instrument creating the life estate expressly authorizes or permits, or which might be impliedly permitted by the creator of the life estate from the fact that he himself appropriated the premises for the specific purpose complained of and devoted it to that use. The latter defense is the one attempted to be relied on in the defensive pleadings, but which, as we have seen, may not be consulted in determining the demurrer to the petition. It follows, therefore, that the court erred in sustaining the demurrer to the petition and dismissing it upon the failure of plaintiffs to further plead, since a ruling on a demurrer is not a determination of the merits of the cause after development upon full preparation, but only to the extent that the cause of action or defense is stated in the attacked pleading without external aid, except as hereinbefore stated, and except that furnished—under the rules of practice—by exhibits referred to or filed with the pleading and made a part of it.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and to overrule the demurrer to the petition, and for other proceedings consistent herewith.