**Bertha Thomas ADAMS, Appellant,**

**v.**

**Benoni S. ADAMS, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 11, 1963.

J. T. Orendorf, Bowling Green, McFarland & Colley, Columbia, Tenn., for appellant and cross-appellee.

S. Y. Trimble, IV, Trimble, Soyars & Breathitt, Hopkinsville, for appellees and cross-appellants.

MONTGOMERY, Judge.

This action involves the rental operation of a farm under a will and the sale of timber by a life tenant. Bertha Thomas Adams, widow of the testator, has appealed. Benoni S. Adams and William C. Adams,

nephews of the testator, as succeeding life tenants, and their children, as remaindermen, have cross-appealed.

On July 5, 1951, James H. Adams died. He devised his 400-acre farm to his wife, the appellant, for life or until she remarried. This estate was subject to a power in his nephews to operate the farm during the widow's tenancy. They were directed to pay her its fair rental value in semiannual installments. A succeeding life estate was devised to the nephews, with remainder to their issue.

Benoni S. Adams had operated the farm on a partnership basis with the testator for the six years preceding his death. The nephews operated the farm during 1952 and 1953 and paid the widow $3,000 each year, out of which she paid the taxes, insurance, and repairs on the farm. No satisfactory agreement was reached in 1954, so appellant rented to G. F. Noel. He operated the farm through 1960 and paid the widow from $5,000 to more than $7,000 yearly on a share crop basis. Each year from 1955 through 1959, appellant sold from twenty-five to sixty-two trees from the farm for which she received a total of $6,250.

This action was brought by the nephews to enforce their right to operate the farm pursuant to the power granted in the will and to have the court fix a fair rental to be paid appellant. Appellees also sought treble damages for the timber cut. The Chancellor fixed the fair rental of the farm at $4,200 per year, adjudged that appellant should pay the taxes, insurance, and repairs, and denied appellees any recovery for the sale of trees.

Appellant contends that she as a life tenant out of possession should not be required to pay the taxes, insurance, and repairs, and that the rental allowance is too low. The failure of the parties to agree on a rental to be paid necessitated the fixing of the rental by the Chancellor.

Counsel for appellant are to be commended for their frankness in admitting that they have found no case directly in point in support of their contention concerning the taxes, insurance, and repairs. They urge that appellant should be relieved of the burden of these payments. The answer is that the will provides for the rental arrangement and divides the estate devised to life tenants and remaindermen.

■ In such cases the rules are plain and of long standing. It is the duty of a life tenant to keep up the property and preserve the estate for the remaindermen. Sullivan v. Bland, 215 Ky. 57, 284 S.W. 410; Thomas v. Thomas' Guardian, 244 Ky. 724, 51 S.W.2d 949. To that end the life tenant is bound to pay taxes, insurance, repairs, and improvements and cannot charge them against the remaindermen. Fisher's Ex'r v. Haney, 180 Ky. 257, 202 S.W. 495; Shutt's Adm'r v. Shutt's Adm'r, 192 Ky. 98, 232 S.W. 405; Pool v. Pool, 214 Ky. 267, 283 S.W. 111; Cannon v. Carr, 292 Ky. 793, 168 S.W.2d 21; and Wheeler v. Kazee, Ky., 253 S.W.2d 378. Under this rule it is obligatory that appellant pay the items mentioned. The arguments of appellant to the contrary do not justify making an exception to the rule.

■ In determining the fair rental the Chancellor considered that such payments were to be made by the appellant. It was so provided in the judgment. The witnesses for appellant were, for the most part, tenant farmers who had been accustomed to share cropping arrangements and not cash rental agreements. The fair rental ranged from $6,500 to $8,000 per year, according to them. For appellees the witnesses were landowners in and around the farm in question, some of whom had had experience with cash rental arrangements. According to them, the fair rental should be from $3,500 to $4,500 per year, with the landlord paying the taxes, insurance, and repairs. Other proof was offered by each side on this issue.

The Chancellor's determination of $4,200 as a fair rental, with appellant paying

the taxes, etc., has a sound basis in proof. Appellant has not shown that it is clearly erroneous. It, therefore, is upheld. CR 52.01.

■ On the cross-appeal, appellees contend that the judgment is erroneous in so far as it is a denial of damages for cutting trees. It is admitted that appellant sold trees which were standing on the farm, that she did so without permission from the remaindermen or other life tenants, and that she received the money from the sale and deposited it in her personal bank account.

KRS 381.350 provides:

"If any tenant for life or years commits waste during his estate or term, of anything belonging to the tenement so held, without special written permission to do so, he shall be subject to an action of waste, shall lose the thing wasted, and pay treble the amount at which the waste is assessed."

■ The law is well settled that a life tenant may not cut timber except such as might be needed for maintaining the improvements or required for domestic purposes. Kentucky River Consolidated Coal Co. v. Frazier, 161 Ky. 374, 170 S.W. 986; McCoy v. Ferguson, 164 Ky. 136, 175 S.W. 23; Decker v. Decker, 205 Ky. 69, 265 S. W. 483; Smith v. Harris, 276 Ky. 529, 124 S.W.2d 786; 93 C.J.S. Waste § 9, page 564. In Abel v. Wuesten, 143 Ky. 513, 136 S.W. 867, it was held, "By this section a special license in writing is necessary in order to authorize the tenant for life or years to commit waste, and without such special license in writing he is subject to an action of waste." It was further held that under the statute the oral consent of the remaindermen would not relieve the life tenant from damages for waste. Appellant does not contend that she had permission or consent from the remaindermen to cut the trees. Two of the remaindermen were infants. The will contained two prohibitions against cutting timber.

Appellant seeks to justify the cutting in several ways. None is sufficient in the light of the established rule. So far as the judgment denied appellees' recovery for the trees cut, it was in error.

Judgment affirmed on appeal and reversed on cross-appeal.