William R. MEREDITH, II, et al.,
Appellants,

v.

Guy C. INGRAM, Ex'r., Appellees
(two cases).

Court of Appeals of Kentucky.

May 18, 1973.

James F. Clay, Jr., Clay & Clay, Danville, for appellants.

James G. Sheehan, Jr., Danville, W. Earl Dean, Dean, Dean & Dean, Harrodsburg, for appellees.

CULLEN, Commissioner.

Under the will of Thomas Kyle, who died in 1913, his 410-acre farm in Mercer County, Kentucky, was left in trust for the life of the testator's nephew, Riker Kyle, "the rents, issues and profits thereof to be applied first to the payment of taxes and the proper maintenance of the farm, and the residue thereof to be paid to said beneficiary during his life." The fee, on termination of the trust by Riker Kyle's death, was devised to Jane Kyle Ridgeley and Henry Ridgeley. A trustee qualified and served until 1924, and then resigned. Thereupon, Riker Kyle took possession of the farm and thereafter, until his death in 1965, he acted as though he were the owner of a legal life estate in the farm instead of the income beneficiary of a trust for his life, publicly recognizing that his interest was only for his life. During that period, in 1943, the remaindermen conveyed the remainder interests to members of a Meredith family.

The actions here on appeal were brought by the Merediths, after their remainder interest had ripened into full title by virtue of Riker Kyle's death, against Riker Kyle's estate, for a recovery based on allegations that during the period he was in possession of the farm Riker Kyle had permitted the farm to fall into disrepair, diverting the entire income to his own use rather than using portions of it for necessary maintenance. Various legal theories were advanced to support the recovery. One of the actions was brought in Boyle County, in which Riker Kyle's administrator qualified, and the other in Mercer County, where the farm was located.

Summary judgments were entered in both actions, dismissing the complaints. The judgment in the Boyle County action was on the ground that the proper venue of the action was in Mercer County (as this court had held in regard to a previous action brought by the Merediths in that county. Meredith v. Ingram, Ky., 444 S.W.2d 551, and Meredith v. Ingram, Ky., 465 S.W.2d 38). The judgment in the Mercer County action was rested on laches. The Merediths have appealed from both judgments.

We shall consider first the appeal in the Mercer County action.

■ It is our opinion that as concerns the question of laches it makes no difference whether Riker Kyle, in taking over possession of the farm in 1924, be classified as a virtual life tenant, a trespasser, a trustee de son tort, or a constructive trustee, so long as he did not claim title adverse to the remaindermen. In any of those capacities, his mere possession and control of the farm violated no rights of the remaindermen, and they had no cause of action by reason of that alone: 51 Am. Jur.2d, Life Tenants and Remaindermen, sec. 2, p. 216.

■ The remaindermen were not beneficiaries of the trust created for Riker Kyle's life by Thomas Kyle's will; that trust was for Riker Kyle's benefit, not that of the remaindermen, and any trustee of that trust was as to the remaindermen not a trustee but simply the holder of the legal title to the life estate. As such, he owed the remaindermen only the duty not to commit waste. Scott on Trusts (3rd Ed.), secs. 88, 88.2.

It is clear, therefore, that the remaindermen here had no basis for any claim against Riker Kyle, during his lifetime, except for the commission of waste by him. In substance, the claim asserted here by the remaindermen is that Kyle failed to properly maintain the farm, which is a charge of permissive waste. Smith v. Mattingly, 96 Ky. 228, 28 S.W. 503. This court has held that remaindermen have no duty to bring action against the life tenant, to recover for or prevent permissive waste, during the lifetime of the life tenant, and their cause of action does not accrue, for limitation purposes, until the death of the life tenant. Prescott v. Grimes, 143 Ky. 191, 136 S.W. 206; Collins v. Security Trust Co., 206 Ky. 30, 266 S.W. 910. Prescott and Collins are firm authority for the proposition that the mere fact that the remaindermen waited until after the death of the life tenant to bring action to recover for permissive waste does not subject them to the defense of laches, for in Prescott the waste had continued for 43 years, and in Collins for 25 years.

■ We think that the rationale of Prescott and Collins should govern the instant case, regardless of the fact that Riker Kyle was not a legal life tenant, because the remaindermen's cause of action was only for waste, the same as it would have been against a legal life tenant.

It is our opinion that the trial court erred in dismissing the Mercer County action.

■ Since we are holding that the real basis for a recovery by the appellants is on the theory of the commission of permissive waste, and since in Meredith v. Ingram,

Ky., 444 S.W.2d 551, we held that the proper venue for an action on that theory was in Mercer County, we think it was proper for the trial court to dismiss the Boyle County action.

The judgment in the Boyle County action is affirmed. The judgment in the Mercer County action is reversed, with directions for further proceedings in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.