NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0887n.06

No. 14-5390

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 25, 2014*
DEBORAH S. HUNT, Clerk

DENNIS CORNETT, et al.,                    )
                                           )
    Plaintiffs-Appellants,             )
                                           )    ON APPEAL FROM THE UNITED
v.                                         )    STATES DISTRICT COURT FOR
                                           )    THE EASTERN DISTRICT OF
MAGNUM HUNTER PRODUCTION, INC.,            )    KENTUCKY
                                           )
    Defendant-Appellee.                )


BEFORE: DAUGHTREY, CLAY, and COOK, Circuit Judges.


PER CURIAM. Dennis Cornett, his wife, and two other couples filed a tort action in Kentucky state court on behalf of a class of similarly situated people, alleging that defendant was committing the tort of waste. Defendant removed the action to federal court on the basis of diversity of citizenship.

The complaint alleged that plaintiffs had entered into leases with defendant's predecessor allowing defendant to remove natural gas from their real property. In return, among other things, plaintiffs were to be paid one-eighth of the price received for the gas, less certain costs. *See Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 241-44 (6th Cir. 2011). Although plaintiffs received royalties under the lease terms for several years, in 2012 defendant ceased paying royalties, apparently due to a drop in the market price for natural gas. Defendant continued to produce natural gas from the properties but after the deduction of costs, was selling it at a loss.

Plaintiffs alleged that defendant was committing waste, in violation of Kentucky Revised Statutes Annotated § 381.350, which provides: "If any tenant for life or years commits waste . . . of anything belonging to the tenement so held, without special written permission to do so, he shall be subject to an action of waste, shall lose the thing wasted, and pay treble the amount at which the waste is assessed." Alleging that removing the natural gas without paying royalties constituted waste, plaintiffs sought to cancel their leases and receive treble damages. Plaintiffs also asserted a cause of action for declaratory relief, which they have since abandoned because defendant agreed with their assertion that they do not owe defendant any costs incurred. Defendant moved to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and plaintiffs responded. The district court granted the motion, concluding that the complaint did not state a claim of waste under the plain language of the statute, because the leases gave defendant "special written permission" to remove natural gas from the properties.

We review a dismissal for failure to state a claim *de novo*. *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995). *De novo* review supports the district court's conclusion that, because defendant had written permission to engage in the conduct complained of, it could not be guilty of committing waste. *See Adams v. Adams*, 371 S.W.2d 637, 639 (Ky. 1963).

Plaintiffs argue that the leases allowed defendant to "shut in" the wells if the price dropped. But that provision in the lease was permissive, not mandatory, and was intended to protect defendant from losing its lease. Plaintiffs also argue that their case is similar to *Mullins v. Dees*, 124 S.W. 828, 829 (Ky. 1910), which held that a claim of waste was stated. But in that case, the defendant coal lessee was not mining coal as provided in the lease, but was removing

the pillars supporting the roof, thus destroying the mine and causing subsidence of the surface above the mine. *Mullins* is entirely distinguishable from the case at hand, because defendant continues to produce natural gas as provided in the lease and is not destroying the mine or the property.

Plaintiffs additionally allege that the district court erroneously credited defendant's version of the facts in ruling on the motion to dismiss, citing *Mediacom Southeast L.L.C. v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 399-400 (6th Cir. 2012). But they point to no facts set forth in the district court opinion that contradict the allegations in the complaint. Lastly, plaintiffs argue that if the complaint does not state a claim for waste, it may state a claim for some other cause, and they invite this court to discern such a claim or to remand for the district court to do so. But the complaint is required to state a plausible claim for relief on its face in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It is not the responsibility of the court to rewrite the complaint to set forth a claim.

Because the complaint failed to state a claim of waste, we AFFIRM the district court's judgment in favor of the defendant.