RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0358-MR

MARGARET SPRINGFIELD AND
DANIEL SPRINGFIELD                                          APPELLANTS


                        APPEAL FROM WEBSTER CIRCUIT COURT
v.                      HONORABLE C. RENE' WILLIAMS, JUDGE
                        ACTION NO. 13-CI-00254


THOMAS D. SPRINGFIELD AND
EDWARD SPRINGFIELD                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, JONES, AND MAZE, JUDGES.

MAZE, JUDGE:  Margaret Springfield (Margaret) and Daniel Springfield (Daniel)

appeal from a summary judgment order of the Webster Circuit Court which

terminated Margaret's life estate and dismissed her claims for intentional infliction

of emotional distress and damage to real property.  They also appeal from an order

of partition and sale of the property. We agree with the trial court that, as a matter of law, Margaret's actions amount to voluntary waste of the property and that the Appellees, Thomas Springfield (Thomas) and Edward Springfield (Edward), were entitled to termination of her life estate. We further conclude that Margaret and Daniel did not timely object to Thomas and Edward's motion for partition and sale of the property. Lastly, we conclude that trial court properly granted summary judgment on Margaret's cross claims. Hence, we affirm.

On September 5, 2006, Mary Springfield (Mary) executed a deed conveying a joint life estate for real property located at 298 Springfield Road in Dixon, Kentucky to her son James Springfield (James) and his wife, Margaret, with the remainder to the devisees under her Last Will and Testament. The Deed is recorded in Deed Book 266, Page 70 in the Webster County Court Clerk's Office. Subsequently, Mary died and her will was filed on November 11, 2010. In pertinent part, Mary's will devised one-third equal shares in the real property to her sons James, Edward, and Thomas.

James died intestate on January 20, 2012, leaving as heirs at law his wife Margaret (1/2), and children Daniel Springfield (1/4) and Mary Ruth Harris (Mary Ruth) (1/4).[1] The parties agree that the remainder fee simple interest in the

---

[1] As discussed above, Mary's deed granted a joint life estate to James and Margaret, with the remainder interest to be devised upon the expiration of the life estate among the heirs under Mary's will. The complaint, answer, and cross claim indicate that Margaret was the sole

real property is currently held by Thomas (1/3 interest), Edward (1/3 interest), Margaret (1/6 interest), Daniel (1/12 interest), and Mary Ruth (1/12 interest). Margaret continued to hold the remaining life interest under the conveyance from Mary.

On October 28, 2013, Thomas and Edward filed the current action against Margaret, Daniel, and Mary Ruth. They alleged that the defendants were committing waste on the property by failing to pay insurance and property taxes and by allowing the premises to fall into disrepair. Thomas and Edward sought termination of the life estate and damages caused by the waste. Margaret and Daniel filed an answer and Margaret asserted cross claims alleging damages to the residence and for intentional infliction of emotional distress. Mary Ruth did not file a responsive pleading and has not participated in this action.

The parties conducted discovery on the respective claims in 2014, but no substantive matters appear in the record until May 2019, when the trial court dismissed the action for lack of prosecution. CR[2] 77.02. In October 2019, Thomas and Edward moved to reinstate the matter on the court's active docket. After the trial court reinstated the action, Thomas and Edward filed a motion for summary

---

successor to an undivided interest in the life estate upon James' death. It appears that Daniel and Mary Ruth were included as defendants below based on their interests as remainder beneficiaries, and not on any potential interests in the life estate.

[2] Kentucky Rules of Civil Procedure.

judgment, seeking termination of the life estate and dismissal of the cross claims. Margaret and Daniel filed a response opposing summary judgment. While they admitted to a failure to pay property taxes and maintain insurance, they argued that any waste was merely permissive and not grounds for forfeiture of the life estate. Margaret also argued that there were genuine issues of material fact on their cross claim for intentional infliction of emotional distress.

On May 19, 2020, the trial court entered an order granting the motion for summary judgment. The court found that Margaret committed waste by failing to pay property taxes and maintain insurance. The court further noted that a foreclosure action had been filed against the property. In addition, Thomas had paid $3,000.00 to forestall the foreclosure, and he also entered into an agreement with the Webster County Attorney to pay the back taxes on the property. Under the circumstances, the trial court concluded that Thomas and Edward were entitled to terminate Margaret's life estate under KRS[3] 381.350. The court separately found that Margaret failed to allege facts sufficient to establish her claims for damage to the property or intentional infliction of emotional distress.

Following entry of the summary judgment, Thomas and Edward filed a motion for partition of the property, which the trial court granted on January 7,

---

[3] Kentucky Revised Statutes.

-4-

2021. The court entered an amended order on February 26, 2021, to include finality language. On March 15, 2021, the trial court entered an order referring the case to the Master Commissioner for judicial sale of the property. Margaret and Daniel filed their notice of appeal shortly thereafter.[4]

Margaret argues that summary judgment was not appropriate on Thomas and Edward's action to terminate the life estate or on the cross claims. She further argues that the trial court erred in granting partition of the property. As an initial matter, Thomas and Edward argue that the summary judgment matters are not properly raised on appeal because Margaret did not appeal from the May 19, 2020, order. However, that order did not conclusively adjudicate all issues raised in this action and the trial court did not designate it as final and appealable. CR 54.02. These issues did not become final and appealable until the trial court entered its February 26, 2021, order. Therefore, the issues relating to the summary judgment order are properly before this Court.

"The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc.*

---

[4] The notice of appeal names only Margaret and Daniel as Appellants. As noted above, Daniel does not claim an interest in the life estate, and he does not assert any damages arising from the cross claims. Rather, Daniel's only claim on appeal concerns the order of partition.

*v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. *Steelvest*, 807 S.W.2d at 480. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. *Id.* Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the trial court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

As noted above, Thomas and Edward filed this action to terminate the life estate pursuant to KRS 381.350, which provides as follows:

> If any tenant for life or years commits waste during his estate or term, of anything belonging to the tenement so held, without special written permission to do so, he shall be subject to an action of waste, shall lose the thing wasted, and pay treble the amount at which the waste is assessed.

In *Hammons v. Hammons*, 327 S.W.3d 444, 451 (Ky. 2010), the Kentucky Supreme Court summarized the rights and duties of a life tenant as follows:

-6-

A life estate is a freehold interest in property that continues during the life of the life tenant, who may be the property owner or some other person. *English v. Carter*, 300 Ky. 580, 189 S.W.2d 839, 840 (1945). The life tenant has the same interest in the property the remainderman will have in it after it comes into his possession, except the life tenant may not commit waste. *Id.*; *see also Adams v. Adams*, 371 S.W.2d 637, 638 (Ky. 1963); *Smith v. Harris*, 276 Ky. 529, 124 S.W.2d 786, 788 (1939). In general, a life tenant owns the property during the life estate and is entitled to the full use and enjoyment of the property, including the income and profits, though she may not consume any part of the corpus. *Taylor v. Yeager*, 261 S.W.2d 638, 639 (Ky. 1953); *English*, 189 S.W.2d at 840 ("Free enjoyment is the very essence of a life estate."). Absent a showing of danger of loss or waste, life tenants are not required to give security for the protection of the remaindermen. *Crutcher v. Elliston's Ex'rs*, 299 Ky. 613, 186 S.W.2d 644, 646 (1945); *Buckman's Trustee v. Ohio Valley Trust Co.*, 288 Ky. 114, 155 S.W.2d 749, 750 (1941).

The parties agree that a life tenant has the duty to maintain and manage the estate for the benefit of the remaindermen. *Adams*, *supra* at 638. To that end, the life tenant is bound to pay taxes, maintain insurance, and make repairs and improvements, and cannot charge them against the remaindermen. *Id.* Margaret concedes that she failed to pay taxes and maintain insurance on the property, and that she has been unable to keep up the property. But to the extent that these actions constitute waste, Margaret argues that it is merely permissive waste and not voluntary waste.

Margaret points to a line of cases holding that statutes on the subject of waste relate only to voluntary waste, and do not authorize relief in cases involving permissive waste. *Collins v. Sec. Tr. Co.*, 206 Ky. 30, 266 S.W. 910, 910 (1924) (citing *Smith v. Mattingly*, 96 Ky. 228, 28 S.W. 503, 503 (1894); *Prescott v. Grimes*, 143 Ky. 191, 136 S.W. 206 (1911); and *Fisher's Ex'r v. Haney*, 180 Ky. 257, 202 S.W. 495 (1918)). The distinction is that voluntary waste consists of the willful commission of some destructive act, whereas permissive waste consists of an omission, such as the failure to keep the land or tenements in proper repair. *Smith*, 28 S.W. at 503. *See also Cont'l Fuel Co. v. Haden*, 182 Ky. 8, 206 S.W. 8, 11 (1918). Consequently, Margaret admits that she may be required to pay damages to the remaindermen, but she argues that her failure to pay taxes and maintain insurance on the property is not a basis to terminate the life estate. She further argues that there is no evidence the remaindermen have been injured by their failure to maintain insurance on the property.

In rejecting this argument, the trial court found that Margaret had not only neglected her duty to pay property taxes, but this failure also resulted in a foreclosure action filed against the property. In addition, the trial court pointed out that Margaret has never maintained insurance on the property, placing it at "seriously high risk of complete loss[.]" Finally, the court pointed out that

Margaret continues to engage in this pattern which places the property at a risk of complete loss, and she lacks sufficient resources to pay damages.

First, we must point out that the older cases cited by Margaret were based on the jurisdictional division between legal and equitable remedies. *Collins*, 266 S.W. at 910. Equity practice, in general, is now merged with law, or the statutory provisions. *Seeger v. Lanham*, 542 S.W.3d 286, 295 (Ky. 2018) (citing *Bell v. Commonwealth*, 423 S.W.3d 742, 748 (Ky. 2014)). Since "[l]aw trumps equity[,]" *Bell*, 423 S.W.3d at 748, we question whether there remains a basis to distinguish between the legal remedies afforded for voluntary waste under KRS 381.350 and the equitable remedies afforded for permissive waste.

In any event, we agree with the trial court that Margaret's admitted actions have exceeded the scope of permissive waste and constitute voluntary waste. As a matter of law, the trial court correctly found that these actions warrant termination of her life estate under KRS 381.350. Therefore, the trial court properly granted summary judgment on this issue.

Margaret and Daniel separately argue that the trial court erred in granting Thomas and Edward's motion for partition. They point out that Thomas and Edward did not request partition as a remedy in their original complaint and they did not seek to file an amended complaint. We note, however, that Margaret and Daniel did not object to the motion for partition, nor do they allege that they

-9-

lacked notice of the claim or an opportunity to respond. Furthermore, a trial court has broad discretion to allow amendment of pleadings to conform to the evidence. CR 15.01. In the absence of adequate preservation of this issue or an allegation of prejudice, we decline to address the issue further.

Finally, Margaret contends that the trial court erred by dismissing their claims for intentional infliction of emotional distress and damage to the property. In order to recover for intentional infliction of emotional distress, also known as outrage, a plaintiff must prove: (1) the wrongdoer's conduct was intentional or reckless; (2) conduct so outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) a causal connection between the wrongdoer's conduct and the emotional distress; and (4) that the emotional distress was severe. *Burgess v. Taylor*, 44 S.W.3d 806, 811 (Ky. App. 2001). *See also Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984). Furthermore, it is well established that an action for outrage will not lie for "petty insults, unkind words and minor indignities"; the action only lies for conduct which is truly "outrageous and intolerable." *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 65 (Ky. 1996). Finally, the tort of outrage is intended as a "gap-filler," providing redress for extreme emotional distress where traditional common law actions do not. Where an actor's conduct amounts to the commission of one of the traditional torts for which recovery for emotional distress is allowed and the

conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie. Recovery for emotional distress in those instances must be had under the appropriate traditional common law action. *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. App. 2001).

A party opposing a motion for summary judgment cannot rely merely on the unsupported allegations of his pleadings but is required to present "some affirmative evidence showing that there is a genuine issue of material fact for trial." *Godman v. City of Fort Wright*, 234 S.W.3d 362, 370 (Ky. App. 2007) (quoting *Steelvest*, 807 S.W.2d at 482). Margaret generally alleged that Edward threatened her with harm and caused damage to the property in an effort to force her to leave. But in her deposition of February 19, 2014, Margaret did not identify any specific conduct which would rise to the level of outrage or offend generally accepted standards of decency and morality. She asserts merely that Edward complained about the condition of the house and property. And while Margaret alleged that Edward's daughter threatened to shoot her, she made no such allegations against Thomas or Edward. Thus, we agree with the trial court that Margaret failed to establish a claim for intentional infliction of emotional distress.

Likewise, Margaret has not presented any affirmative evidence that either Thomas or Edward caused damage to the property. She alleges that Edward removed carpeting and flooring from the house. However, she admits that both

-11-

were old and damaged. Furthermore, she did not introduce any estimates or receipts showing the value of any of these alleged damages. In the absence of any such evidence, Margaret failed to show an actionable claim for damage to the property. Thus, the trial court properly granted summary judgment on this claim. Since other matters remain pending, the trial court retains jurisdiction to address any remaining issues of damages and allocation of the sale proceeds.

Accordingly, we affirm the May 19, 2020, summary judgment and the February 26, 2021, order of partition entered by the Webster Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Wm. Clint Prow
Providence, Kentucky

BRIEF FOR APPELLEES:

Lora Lee Robey
Russellville, Kentucky