## Foley v. Givens.

March 24, 1939.

George S. Wilson, Judge.

L. P. TANNER and LEE GIBSON for appellant.

LOUIS I. IGLEHEART for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

As a result of verbal negotiations the appellee and plaintiff below, J. A. Givens, agreed to give an oil and gas lease to the appellant and plaintiff below, T. R. Foley, on about seven acres of land in the town of Livermore, in McLean county, Kentucky. The agreement was reduced to writing on the 20th day of August, 1935, and was subscribed by the defendant as lessor; but the name of the "party of the second part" as lessee was left blank therein, although the paper as so executed

was delivered—as is averred in plaintiff's petition—
to him at the time and that he was in fact the party of
the second part. The writing contained the usual cov-
enants in such leases including payment of royalty,
time for the commencement of development, and pay-
ment of rentals in lieu of delayed development. A part
of the contract was that lessee should make a down
cash payment of $35 to the lessor, which was done, and
lessor executed a receipt therefor, and it contained the
name of plaintiff as such lessee. After the occurrences
related plaintiff re-delivered the written lease to de-
fendant under a promise from the latter that he would
procure his wife's signature thereto and return it to
plaintiff.

Defendant resided in Bowling Green, Kentucky,
and the transactions referred to occurred in McLean
county, Kentucky. A short while following the re-
delivery of the written lease to defendant, for the pur-
pose stated, plaintiff received a letter from him stating
that his wife refused to sign the lease, which he enclosed
to plaintiff, accompanied with his check for the cash
payment of $35, but which plaintiff declined to receive
and returned the check to defendant. Immediately fol-
lowing such renunciation (or perhaps before) defend-
ant executed another lease for the same purpose to a
third person, who shortly thereafter recorded it and
later began development on the leased premises, result-
ing in bringing in an oil well which plaintiff's pleadings
state produces 100 barrels of oil per day. On August
2, 1935, plaintiff filed this ordinary action in the Mc-
Lean Circuit Court against defendant, and in his peti-
tion as amended he sought to recover from defendant
$10,000 damages resulting from the latter's breach of
the lease contract. Demurrers and motions were filed
without action thereon by the court, and during their
pendency defensive and responsive pleadings were filed,
until the parties arrived at an issue, when a jury was
selected to try the case and the evidence was partly
heard. At that juncture the court took up the consid-
eration of the demurrer to the petition as amended and
sustained it, followed by plaintiff's declining to plead
further and a dismissal of his action was ordered, to
reverse which he prosecutes this appeal.

From the statement thus made it is clear that we
are not concerned with any facts contained in any
pleading filed subsequent to plaintiff's petition as final-

ly amended. The facts stated in all subsequent pleadings may or may not, if proven true, be available as a defense but none of them may be considered on the sole issue presented by this appeal, i. e., whether or not plaintiff's initial pleading as finally amended stated a valid cause of action. See Smith v. Harris, 276 Ky. 529, 124 S. W. (2d) 786, decided January 27, 1939. The petition and its amendments together stated the facts hereinbefore recited, including the delivery of the written lease to plaintiff, and also averred that the name of plaintiff as lessee was omitted or left out of the lease by mutual mistake, with the further averment that the receipt for the $35 down payment —executed and delivered simultaneously with the written lease—contained the name of plaintiff and that it and the written lease (both of which related to the same subject matter and being so simultaneously executed) should be considered together. It was furthermore alleged in the petition as amended that defendant agreed that plaintiff might insert his name as lessee therein. With the pleadings in that condition our task is to determine whether or not a cause of action was stated in favor of plaintiff against defendant?

To begin with, it is apparently admitted as the correct principle of law (but if not it is nevertheless true) that a husband as owner of real estate may obligate himself by proper contract relating to his realty, although his wife may decline or refuse to sign the contract—whatever its nature—so as to relinquish her potential right of dower. The authorities and cases, including many opinions of this court, are so numerous to that effect that we will not encumber the opinion with their recitation, and especially so when the proposition appears to be admitted by counsel for both sides. The chief ground urged in support of the judgment by defendant's counsel are (1) that the contract was unilateral in that it permitted plaintiff to postpone the commencement of development for one year from the date of the lease and to continue the postponement by paying the deferred rental agreed upon, and (2) the failure to insert the name of plaintiff as lessee in the written lease which defendant duly executed and according to averments of the petition, delivered to plaintiff.

1. In support of ground (1) defendant's counsel cite and rely on the case of Killebrew v. Murray, 151

Ky. 345, 151 S. W. 662, from which a copious excerpt is inserted in his brief. But that case, with others following its holding on the question involved, was expressly overruled in the later case of Union Gas & Oil Company v. Wiedeman Oil Company, 211 Ky. 361, 277 S. W. 323, and which overruling opinion has been continuously followed by us since then, the latest case in which it was done being that of Berry v. Riess, 276 Ky. 114, 121 S. W. (2d) 942. In those cases we stated that the down payment was a consideration for the optional privileges given to the lessee, and which relieves the contract of its unilateral nature as was first declared by us in the Killebrew and other approving ones, relied on by defendant's counsel in support of his contention. We feel that further discussion of this ground is unnecessary.

2. In support of ground (2) cases and authorities are cited by counsel holding that specific performance of an incomplete contract can not be decreed nor will it support an action for damages. Other cases and authorities are cited showing that a deed or other conveyance of an interest in realty containing the name of no one as grantee is an incomplete and unenforcible contract (which counsel for plaintiff correctly admit), and for which reason it becomes unnecessary to incorporate in this opinion the cited authorities or any others supporting that proposition. However, counsel for defendant silently treats the contention of plaintiff's counsel that it is proper for the court to take into consideration the receipt for the amount of the down payment in this case, executed simultaneously with the written lease, for the purpose of supplying the omitted name of the lessee therein. The right to consider the two instruments—simultaneously so executed—as evidencing one transaction and to construe them together, was expressly upheld by us in the case of Hardin v. Kazee, 238 Ky. 526, 38 S. W. (2d) 438, in which opinion many other prior cases from this court are cited substantiating the same proposition.

The allegation of the petition as amended brings this case within the authorities cited, and confirms the conclusion that the involved lease was intended to be and was (a) actually made, executed and delivered to plaintiff by defendant; (b) that defendant may maintain an action for damages for a breach thereof against defendant, notwithstanding his wife refused to join in

its execution; (c) that the contract sued on was not unilateral; and (d) that defendant breached the contract by executing a subsequent or top lease to a third person who gained priority over plaintiff by having his lease first recorded. It follows, therefore, that the court erred in sustaining the demurrer to the petition as amended and in dismissing it upon plaintiff's declining to plead further.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule the demurrer to the petition as amended and for other proceedings consistent with this opinion.