# Ford et al. v. Kentucky-West Virginia Gas Co.

Feb. 20, 1945.

J. E. Childers for appellants.

Combs & Combs and Francis L. Rice for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In 1928, the parents of the appellants, and who are now deceased, executed an oil and gas lease to the Kentucky-West Virginia Gas Company. The consideration was $1 and the covenants and agreements set out therein. The lease covered a period of 10 years and provided that it should continue to run as long as oil or gas was produced in paying quantities; certain royalty provisions were set out therein; a well was to be commenced within seven months of its date or the lessee was to pay certain specified rentals until a well was completed or the lease was surrendered; and the company was given the right to surrender the lease at any time upon the payment of $1 and all amounts accrued thereunder until the date of surrender. In 1937, the lessors granted an extension of the lease for another 10 year period upon the same terms and conditions as the original lease.

In June, 1943, the appellants filed this action wherein they sought to be adjudged the owners of the oil and gas under the lands which they inherited from their parents and which were covered by the aforementioned lease; to have their title quieted; and to have the company enjoined from claiming the oil and gas and from removing it from under the lands. The petition contained this allegation: "The plaintiffs say that the defendant has wrongfully and unlawfully entered upon the tracts of land above described which constitute one boundary and drilled a gas well, laid pipe lines and is now pumping into other pipe lines and marketing and selling the said gas in and under the said lands, against the will and without the consent of these plaintiffs and without any legal right so to do, and thereby committing a trespass and a multiplicity of trespasses upon these plaintiffs and destroying the very substance of their said estate; to wit, taking therefrom and converting to its own use the gas therein and thereunder."

In the first paragraph of its answer the company admitted it was claiming ownership of the oil and gas under the lands in question and that it was removing and converting same to its own use under the lease as extended. In the second paragraph the company set forth the lease and alleged that it had fully complied with all its terms and conditions by paying all the rentals due, and, further, that in May, 1943, it entered upon one of the tracts and drilled a producing gas well from which it was marketing gas. The appellants filed a reply denying the affirmative allegations of the answer. The parties then entered into a stipulation, the pertinent provision of which follows: "It is further stipulated and agreed that the plaintiffs own the lands described in the petition and answer herein, and the oil and gas thereunder, now and at the time this suit was filed, subject to the oil and gas lease and extension thereof filed with defendant's answer herein."

Upon final submission of the cause the chancellor adjudged that the appellants "are the owners of the oil and gas in and under the lands described in the pleadings, subject to the oil and gas lease and extension thereof from said A. E. Justice and Vicy E. Justice, his wife, to Kentucky West Virginia Gas Company, filed with and made a part of the defendant's answer and referred to in the stipulation, and subject to the rights vested in the defendant by virtue of the terms of said instruments. It is adjudged that the aforesaid lease and extension thereof are valid, binding and enforceable contracts."

The appellants take the position on this appeal that, since all the pleadings were traversed of record by agreement, the case will have to be decided solely upon the agreed stipulation. They contend there is nothing in the record to show that any drilling was ever done or any rentals paid; or that the contract, which they contend is unilateral in nature, was ever performed in any respect. They insist the contract could have been binding only upon the payment of rentals or upon the drilling of a well. In support of the contention that the lease is unilateral the appellants rely upon earlier decisions of this Court which held that leases of the type under consideration were void. Killebrew v. Murray, 151 Ky. 345, 151 S. W. 662; but the Killebrew case and those of like tenor were overruled in the case of Union Gas & Oil Company v. Weideman Oil Co., 211 Ky. 361, 277

458

S. W. 323. See also the recent cases of Berry v. Riess, 276 Ky. 114, 121 S. W. 2d 942; and Foley v. Givens, 277 Ky. 584, 126 S. W. 2d 1128. In the Union Gas & Oil Company case a lease containing provisions similar to the one under consideration was held to be valid. It may be said in passing that the lease involved in that case was an "unless" lease, while the one under consideration is an "or" lease. Under leases of the former type the lessee may not be held liable for rentals in the event a well is not commenced within the specified period, while under the latter type he may be so held.

The position of the appellants is untenable for another reason. The existence of the lease is admitted in the stipulation. They can not be heard to say that the record is silent as to the drilling of a well, because the very basis of their action is for an alleged trespass on the part of the company in entering upon their lands and drilling a gas well and taking gas therefrom, all of which was admitted by the company. We may note also the record shows that after the commencement of the action the company paid royalties on the gas well into court pending the final outcome of the litigation.

Under the circumstances, we think the judgment should be and it is affirmed.