Christine GEE, Executrix of the Estate of Lena Carter Pinchum, Appellant,

v.

Pauline BROWN; Claudia Bush, Deceased; Unknown Heirs of Claudia Bush; Roosevelt Davies, Deceased; Unknown Heirs of Roosevelt Davies; Robert Douglas Averett; All Other Unknown Heirs of Tom Carter; Eugene Averett; David Brame; Robert L. Cumbee; William T. Williams, Inc.; Herndon Partners, LLC; Steve B. Boren; Lisa A. Boren; Herbert Johnson; Juanita Avert; Evonne Beasley; John A. Howard; Michael Lane; Lena Woodall; Kenneth Lane; Margaret Hill; Ella Scott; and Anglie Mitchell, Appellee.

No. 2003–CA–002150–MR.

Court of Appeals of Kentucky.

Sept. 10, 2004.

6. *Caslin v. General Electric Co.*, Ky.App., 608 S.W.2d 69, 71 (1980).

John J. Chewning, Hopkinsville, KY, for appellant The Estate of Lena Carter Pinchum.

Darryl T. Owens, Louisville, KY, for appellees Pauline Brown and Robert D. Averett.

Daniel C. Hicks, Hopkinsville, KY, for appellees Herbert Johnson; Juanita Avert; Evonne Beasley; John A. Howard; Michael Lane; Lena Woodall; Kenneth

Lane; Margaret Hill; Ella Scott; and Anglie Mitchell.

BEFORE: COMBS, Chief Judge; MINTON, and VANMETER, Judges.

VANMETER, Judge.

This is an appeal from a final order of the Christian Circuit Court adjudging that the true owners of a 64–acre parcel of land in Christian County were the heirs of Tom Carter (Carter). We affirm.

The facts of this case are relatively simple and straightforward. In 1936, Carter died intestate owning a 64–acre parcel of land in Christian County. He was survived by his wife, Lena Carter Pinchum, and his mother, Ellen Averett. Under the statutes of descent and distribution in effect at that time, Averett inherited the fee, subject to Pinchum's dower interest. Averett died intestate in 1941, and the fee to the tract devolved to her two surviving children, Herbert Averett and Bennie Averett.[1]

On April 24, 1967, Pinchum filed an Affidavit of Descent in the Christian County Clerk's office in which she averred that Carter died in 1936, that she was his surviving wife, and that he left no other heirs. Additionally, the affidavit stated:

> Affiant further states that she has had sole possession of said 64 acre tract of land located [in] Herndon, Kentucky, listed in the name of Tom Carter; that she has had actual, continuous, open and notorious possession for more than fifteen years against the whole world; that she has paid the taxes on said property for a period in excess of twenty years and that no other person or persons have ever claimed any of said property.[2]

---

1. The record indicates that Herbert and Bennie Averett were Carter's half-brothers.

2. The record also discloses that Carter and his first wife had mortgaged the property in 1923 as security for a $100 promissory note. After Carter's death, Pinchum paid off the

On February 20, 1987, Pinchum attempted to convey fee simple title to the tract to herself, through the filing of two simultaneous deeds in the Christian County Clerk's office.[3]

Pinchum died testate on August 1, 1998. By her last will and testament, Pinchum devised the tract to her sister, Christine Gee, and her nieces, Maxine and Dorothy Moss. She directed Gee, as executrix, to sell the property and distribute the proceeds to the three beneficiaries. The property was sold and conveyed to David Brame, Robert Cumbee and William T. Williams, Inc. by deed dated May 11, 1999. Pauline Brown and Claudia Bush, nieces of Carter, filed the instant action on April 25, 2000, seeking a declaration of rights that Pinchum had no right to devise the property, that the deed from Gee as executrix was void, and that Carter's heirs were the fee owners of the tract.[4] Ultimately, the trial court granted summary judgment in favor of Carter's heirs. This appeal followed.[5]

Appellant argues that the 1967 Affidavit of Descent was an "Affidavit of Adverse Possession" pursuant to which Pinchum renounced her life estate and put Carter's heirs on constructive notice that she was claiming ownership of the fee. Appellant relies heavily on selected passages from *Superior Oil Corp. v. Alcorn*, 242 Ky. 814, 47 S.W.2d 973 (1931), in support of her argument that a life tenant may acquire the fee by clearly renouncing all claims as life tenant to the knowledge of the remaindermen, and by taking possession under a claim of absolute ownership with recorded evidence of his or her title to that effect.

A careful reading of the decision in *Superior Oil*, however, supports the decision of the trial court. The court in *Superior Oil* plainly stated "[w]e have found no case, in this state, where one having nothing but a life estate has been able by any act or declaration **of his own** to enlarge that life estate to a fee." 242 Ky. at 826, 47 S.W.2d at 980 (emphasis added). The court further held:

**One having a life estate and nothing more cannot by any possession, act, or declaration of his own enlarge that estate,** and limitation does not run against the remainderman until the life estate falls in; but if, through some act correct or erroneous, valid or invalid, not his own, but of the remainderman or of some one in privity with the remainderman, the apparent life tenant acquires some color of title incompatible with the existence of a life estate and a remainder estate, even though by a void

---

remaining $25 due on the note and on January 5, 1938, the mortgagee, Judge C.H. Bush, assigned the mortgage to Pinchum by marginal notation. Mortgage Book 114, page 69, Christian Court Clerk's office. Appellant makes no claim that Pinchum derived title through foreclosing the mortgage.

**3.** Deed Book 451, page 114 contains a deed from Pinchum to her attorney. Immediately following, in Deed Book 451, page 117, is a deed from her attorney to Pinchum, which purports to convey fee simple to the tract.

**4.** Pauline Brown is a daughter of Bennie Averett, who died intestate on May 9, 1963, and Claudia Bush was a daughter of Hubert Aver-ett, who died intestate on January 9, 1957. After the action was filed, other siblings of the original plaintiffs intervened in the action, as did the heirs of Claudia Bush, who died following the filing of the complaint. The plaintiffs and intervening plaintiffs have been consistently designated as "the heirs of Tom Carter" although Carter's sole heir at his death was his mother, Ellen Averett. For ease of reference, we will continue to designate appellees as Carter's heirs.

**5.** The parties claiming as grantees from the Estate of Lena Carter Pinchum ultimately received a refund of the consideration paid and were dismissed from the case, and their deeds were voided.

act or instrument, and takes and holds possession thereunder and not as life tenant, and the remainderman knows of such entry holding and possession and of the nature thereof, a cause of action then accrues to the remainderman, and if he takes no steps then, or within the statutory period, he must suffer the consequences.

242 Ky. at 827, 47 S.W.2d at 981 (emphasis added). The court took great pains to distinguish earlier cases in which ostensible life estates ripened into fees through adverse possession. The common thread in each of those cases was that some will or deed generated by someone, other than the life tenant, created a claim of title, other than the life estate, in favor of the life tenant.

In the instant case, Pinchum's only claim of title was a life estate created when she survived her husband. The only title documents to the contrary were created by her. As noted by appellees, Pinchum's activities while in possession of the tract, including farming the land, leasing the tobacco, raising livestock, and paying property taxes, are not inconsistent with the duties of a life tenant. *See Adams v. Adams*, Ky., 371 S.W.2d 637, 638 (1963).

Pinchum died in 1998. At that point, the remainder ripened into the fee to the tract, and the remaindermen were then entitled to possession. *See McDonald v. Burke*, Ky., 288 S.W.2d 363, 366 (1956). The instant action, filed in 2000, was brought well within the fifteen years required by KRS 413.010.

The decision of the Christian Circuit Court is affirmed.

ALL CONCUR.