RENDERED:  JANUARY 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0531-MR

STOCK YARDS BANK & TRUST
COMPANY TRUSTEE UNDER THE
WILL OF MAY T. DOTY,
DECEASED; AMY CASSADY;
FRANK BRECKENRIDGE
CHUMLEY, JR.; JILL PUCKETT;
LYNN SHIPLEY; AND MIKE
WALTON                                                                APPELLANTS


APPEAL FROM NELSON CIRCUIT COURT
v.        HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 13-CI-00107


WILLENA T. FERRILL,
INDIVIDUALLY; G&W LAND
ENTERPRISES, LLC, THROUGH
WILLENA T. FERRILL; GUY
FERRILL, III; AND VICTOR CURTIS
FERRILL; AND WILLENA T.
FERRILL AS TRUSTEE OF THE
GUY A. FERRILL AND/OR
WILLENA T. FERRILL TRUST                                         APPELLEES


AND

WILLENA T. FERRILL,
INDIVIDUALLY; G&W LAND
ENTERPRISES, LLC, THROUGH
WILLENA T. FERRILL; GUY
FERRILL, III; VICTOR CURTIS
FERRILL; AND WILLENA T.
FERRILL AS TRUSTEE OF THE
GUY A. FERRILL AND/OR
WILLENA T. FERRILL TRUST    CROSS-APPELLANTS


    CROSS-APPEAL FROM NELSON CIRCUIT COURT
v.   HONORABLE CHARLES C. SIMMS, III, JUDGE
    ACTION NO. 13-CI-00107


STOCK YARDS BANK & TRUST
COMPANY, TRUSTEE FOR JOHN M.
CHUMLEY UNDER THE WILL OF
MAY T. DOTY, DECEASED; AMY
CASSADY; FRANK B. CHUMLEY,
JR.; JILL WALTON PUCKETT; LYNN
SHIPLEY; AND MIKE WALTON    CROSS-APPELLEES


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL,  JUDGE:  On November 16, 1989, May T. Doty (hereafter "Doty")

died testate.  Her last will and testament and codicil were subsequently probated by

the Jefferson County District Court. Therein, Doty devised and bequeathed, *inter alia*, her real property to her niece, Appellee, Willena Ferrill (hereinafter "Willena"), and her husband, Allison Ferrill, as joint life tenants with right of survivorship for life to the survivor of them. The will permitted the life tenants to sell the realty and also admonished them not to commit waste.[1] Upon termination of the life tenancy, the remainder interest would become part of the residuary estate, which was bequeathed proportionally to other individuals (hereinafter "Remaindermen"). The Remaindermen's interests were required to be directed to separate trusts. The executor and trustee is Stock Yards Bank & Trust (hereinafter "SYB").[2] Willena passed away on September 14, 2021, while this case was pending on appeal.[3] She was predeceased by her husband, Allison.

On February 25, 2013, SYB filed this action alleging that Willena had sold the Doty's Nelson County farm and obtained net sales proceeds of $913,300.57, which were deposited into a revocable *inter vivos* trust. SYB's complaint was amended to include ten counts alleging waste, fraud, conversion,

[1] The will also granted the life tenants the rights to possess and dispose of certain personal property. However, the primary issue here arises from the sale and transfer of realty. Nevertheless, the reasoning advanced in this Opinion applies equally to any personal property included in the life tenancy.

[2] SYB and the Remaindermen will be collectively referred to as Appellants.

[3] Her notice of death was filed with this Court on October 5, 2021.

and breach of fiduciary duties. As remedies, Appellants sought the imposition of constructive trusts, compensatory damages, treble damages, punitive damages, and attorney fees. The trial court ordered that the Remaindermen be joined as parties. After extensive discovery, the parties filed motions for summary judgment. In an order dated September 5, 2018, the court granted partial summary judgment for both parties, notably holding that several of Appellants' claims were barred by the statutes of limitations. The court subsequently issued an order modifying its previous order. The issues remaining for trial were subsequently disposed of by an agreed order, which was final and appealable. Appellants appealed to this Court as a matter of right and Appellees cross-appealed. Appellants argue that the trial court erroneously concluded that several of their claims were barred by the statutes of limitations. For the following reasons, we agree.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[4] 56.03. The Kentucky Supreme Court further explained this summary judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

---

[4] Kentucky Rules of Civil Procedure.

While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, . . . this Court has also repeatedly admonished that the rule is to be cautiously applied. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact. The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is de novo." *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With these standards in mind, we turn to the applicable law and the facts of the present case.

## ANALYSIS

The trial court engaged in an exhaustive analysis of the facts of the present case and applied the statutes of limitations to each claim. The court provided extensive and precise explanations as to why each claim that was barred by the statutes of limitations due to SYB's having notice on multiple occasions that Willena was likely committing fraud or waste, *etc.*, due to, among other things,

SYB's knowledge that Willena was depleting the proceeds obtained by the sale of the realty. As previously stated, this resulted in Appellants being barred from recovering under several of their claims and, therefore, also being barred from recovering their respective portions of the residuary estate to which they were entitled. In *Superior Oil Corporation v. Alcorn*, Kentucky's highest Court at the time observed the following:

> Until the termination of the life estate no right of entry or right of possession exists in favor of the reversioner. Until the right of entry and the right of possession to the property accrue, the statute of limitations does not begin to run against an action for the possession.
>
> . . .
>
> [Therefore,] [t]he limitation does not begin to run against him until the termination of the life estate. Inasmuch as there was no order of court disposing of the case referred to, no effect can be given to its mere filing.

242 Ky. 814, 47 S.W.2d 973, 980 (1930) (internal quotation marks omitted).

Relying upon *Superior Oil Corporation*, a recent United States District Court case has aptly summarized and applied the relevant Kentucky law that is dispositive of the present issue:

> [I]n the case of a sale of the entire property, the tenant for life and the remaindermen take the same interests in the proceeds, respectively, as they had in the property, the income going to the life tenant and the principal at his death to the remaindermen. *Holman v. Holman*, 77 P.2d 515, 520 (Cal. Ct. App. 1938) (quoting 17 R.C.L. p. 646,

§ 38) (internal quotation marks omitted); *see also* 31 C.J.S. § 64.

. . .

Absent evidence that the life estate holder has injured the corpus of the estate or otherwise acted in derogation of the remaindermen's interests, the remaindermen generally have no cause of action to pursue until the death of the life estate holder. *See, e.g.*, *Brittenum v. Cunningham*, 220 S.W.2d 100, 102 (Ky. 1949) (citing 33 Am. Jur., Life Estates, Remainders, Etc. § 187); 31 C.J.S. Estates § 118. In fact, it is presumed that the life estate holder's possession of the estate is *not* adverse to the remaindermen's interests. *See Wheeler*, 253 S.W.2d at 380 (quoting 31 C.J.S. Estates § 66); 31 C.J.S. Estates § 78.

. . .

The remaindermen's right to seek immediate possession of the estate may be accelerated, however, if the life estate holder repudiates the life estate and claims some other interest or title (such as a fee simple title) in the property. *Superior Oil Corp.*, *v. Alcorn*, 47 S.W.2d 973, 986 (Ky. 1930). If the life estate holder does so, "the maturity of the remainder is accelerated, and the remainderman becomes just as fully entitled to the immediate possession as if the life tenant has died." *Id.*

. . .

Under Kentucky law, repudiation of a life estate arrangement requires "an unequivocal act by the life tenant as would destroy his claim as a life tenant, so that he could not thereafter assert it." *Superior Oil Corp.*, 47 S.W.2d at 986. In the present case, a reasonable jury could review the evidence of record and conclude that Macky Bell did not unequivocally notify her sons that

> she was claiming a fee simple interest in the Family Farm
> sale proceeds.

*Bell v. Jefferson*, No. 5:18-CV-32-CHB, 2021 WL 1233457, at *6-10 (E.D. Ky. Mar. 31, 2021).[5]  In consideration of *Superior Oil Corporation*, the statute of limitations did not begin to run against the Remaindermen in the present case until September 14, 2021, the date of Willena's death, unless it is demonstrated that she "unequivocally repudiated" the life estate.  Nothing in the record cited to this Court would satisfy that difficult standard.  We have also not discovered any controlling authority that would foreclose the general rule that the statutes of limitations do not run against remaindermen until the death of the life estate holder from applying equally to SYB in this particular instance.  Therefore, the trial court erred in dismissing any claim against Appellants as being barred by statutes of limitations.

In their cross-appeal, Appellees argue that the trial court failed to consider laches.  This issue was addressed in *Plaza Condominium Association, Inc. v. Wellington Corporation*, as follows:

> It is not necessary to engage in an extensive review of
> the doctrine of laches.  It is sufficient to say that
> this doctrine serves to bar claims in circumstances where
> a party engages in unreasonable delay to the prejudice of
> others rendering it inequitable to allow that party to
> reverse a previous course of action.  *See Kendall v.*

---

[5] We do not cite this case as controlling authority.  Rather, it is employed as a recent and accurate recitation of the relevant law.  There are several published decisions that recite these same legal standards.  *See, e.g.*, *Gee v. Brown*, 144 S.W.3d 844, 846-47 (Ky. App. 2004), and *Miracle v. Miracle*, 86 S.W.2d 536, 539 (Ky. 1935).

> *Mussman,* Ky., 247 S.W.2d 502, 503-04 (1952).  Prior to the expiration of the limitation period, however, one claiming a bar based on delay must also show prejudice.

920 S.W.2d 51, 54 (Ky. 1996).  Contrary to Appellees' assertion, the trial court did consider laches and found it inapplicable.  In any event, Appellees have failed to demonstrate prejudice.  Therefore, Appellees have not satisfied their burden.  In their cross-appeal, Appellees also allege that "there also exists at least a factual issue about the defense of advice of counsel."  However, it is unclear whether this issue was properly preserved before the trial court and Appellees have given short shrift to this argument in their briefs on appeal.  Furthermore, the authority cited in support of this alleged defense are malicious prosecution cases which appear to be the context in which this defense is traditionally applied.  *See, e.g.*, *Garcia v. Whitaker*, 400 S.W.3d 270, 275 (Ky. 2013) (citation omitted) ("[t]he advice of counsel defense is in actual effect another method of proving probable cause.").  In any event, we cannot say that reversal is required.  Any additional issues raised by Appellees in their cross-appeal are either moot, unsupported by the record, or underdeveloped for our review, and we need not address them further.

## CONCLUSION

For the foregoing reasons, we hereby affirm the decision of the Nelson Circuit Court in part, reverse in part, and remand this case for further proceedings consistent with this Opinion.  To clarify, we are reversing the trial

court's order granting summary judgment in favor of Appellees, as modified in its December 14, 2018 order concerning any claims dismissed as untimely filed under the statutes of limitations. We affirm the trial court's decision as to all other issues and do not disturb any issues disposed of by the parties' agreed order entered on March 4, 2019.

ALL CONCUR.

BRIEFS FOR APPELLANTS/
CROSS APPELLEES:

David Tachau
Louisville, Kentucky

BRIEF FOR APPELLEES/
CROSS-APPELLANTS:

Matthew C. Hess
Elizabethtown, Kentucky